## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON GIBEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-2050 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| IRON CUMBERLAND, LLC | ) | |
| d/b/a IRON SENERGY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

This matter comes before the Court on Defendant Iron Cumberland, LLC's objections (Docket No. 35) to the Report and Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly entered on August 7, 2024 (Docket No. 34). The R&R recommends that the Court deny Defendant's Motion for Summary Judgment (Docket No. 20). Service of the R&R was made on Plaintiff Cameron Gibel and on Defendant via CM/ECF, and the parties were informed that any objections to same were due by August 21, 2024, while any responses opposing such objections were due fourteen days thereafter. (Docket No. 34 at 25 and docket entry text). On August 21, 2024, Defendant filed its objections (Docket No. 35), and on September 4, 2024, Plaintiff filed his response in opposition to Defendant's objections (Docket No. 36).

In its objections to the R&R, Defendant disagrees with Judge Kelly's recommendation that its summary judgment motion be denied. Defendant argues that the R&R itself attempts to interpret the parties' collective bargaining agreement ("CBA"), which demonstrates that Plaintiff's

1

claim under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, is preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). (Docket No. 35 at 1-5). Defendant also argues that the R&R, in reaching its conclusion, misapplies binding Third Circuit precedent. (*Id.* at 5-6). Defendant further argues that the R&R misconstrues Plaintiff's claim and fails to recognize that that claim is governed by and requires interpretation of the CBA. (*Id.* at 7-11). In response, Plaintiff argues that the R&R's review of the CBA as part of its LMRA Section 301 preemption analysis does not mean that the CBA must be interpreted to resolve Plaintiff's PMWA claim. (Docket No. 36 at 9-12). Plaintiff also argues that the R&R properly interpreted and applied Third Circuit authority in its analysis. (*Id.* at 13-16). Additionally, Plaintiff argues that the R&R correctly construed Plaintiff's claim as limited to the PMWA's statutorily mandated overtime wages. (*Id.* at 16-17).

      In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R, Defendant's objections, Plaintiff's response in opposition to those objections, as well as the record in its entirety, the Court concludes that Defendant's objections do not undermine the R&R's recommended disposition.

      In so finding, the Court agrees with Judge Kelly's conclusions that Plaintiff's Complaint is not founded on rights created by the CBA, the CBA does not require "interpretation" to determine the amount owed for overtime hours, and the workplace policies at issue are not a part of the CBA. (Docket No. 34 at 10-19). Furthermore, the Court finds that, in reaching these

2

conclusions, Judge Kelly properly consulted, but did not need to "interpret," the CBA. *See Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *Ballard v. BHI Energy, Inc.*, Civ. Action No. 22-115, 2022 WL 4464959, at *5 (W.D. Pa. Sept. 26, 2022) (citing *Beauregard v. Broadway Elec. Serv. Corp.*, Civ. Action No. 2:21-cv-1600, 2022 WL 2293969, at *6 (W.D. Pa. June 24, 2022), and *LaRue v. Great Arrow Builders LLC*, No. 2:19cv932, 2020 WL 5747818, at *16 (W.D. Pa. Sept. 25, 2020)). The Court also finds that the R&R, in reaching its conclusions, properly interpreted and applied the relevant Third Circuit authority. Furthermore, the Court finds that the R&R correctly construed Plaintiff's claims as limited to the PMWA's statutorily mandated overtime wages.[1] Therefore, the Court agrees with Judge Kelly's recommendation that Defendant's summary judgment motion be denied.

Accordingly, the Court enters the following Order:

AND NOW, this 23rd day of September, 2024,

IT IS HEREBY ORDERED that Defendant's objections (Docket No. 35) to the Report and Recommendation are OVERRULED, and the Report and Recommendation (Docket No. 34) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Docket No. 20) is DENIED.

---

[1] Although a footnote in the R&R includes mention of the parties' dispute as to whether the Complaint, as worded, seeks unpaid regular wages as well as unpaid overtime wages – and whether Plaintiff's claim here would be preempted by the LMRA if he were, in fact, seeking unpaid regular wages – since Plaintiff has indicated repeatedly in briefing that he is not seeking unpaid regular wages but is instead seeking statutory overtime wages for unpaid pre- and post-shift activities (and that, to the extent the language in the Complaint is confusing, he intends to seek permission to amend his pleading to make that intention clear), the Court need not address whether considering such a claim for unpaid regular wages would require "interpreting" the CBA for the issue. (Docket No. 34 at 13 n.4).

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
         All counsel of record