IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON GIBEL,<br>    Plaintiff,<br>  v.<br>IRON CUMBERLAND, LLC (d/b/a "IRON SENERGY"),<br>    Defendant. | 2:23-cv-02050-WSH-MPK |

## AMENDED CLASS ACTION COMPLAINT

Cameron Gibel ("Plaintiff") brings this class action lawsuit against Iron Cumberland, LLC (d/b/a "Iron Senergy") ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*  As indicated herein, Plaintiff alleges that Defendant has violated the PMWA by failing to pay overtime wages for time associated with various required work activities arising at the beginning and end of the workday within the premises of Defendant's Cumberland Mine.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

### PARTIES

1. Plaintiff is an adult individual residing in Allison, Pennsylvania (Fayette County).

2. Defendant is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

3. According Defendant, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §§ 1332(d).  *See* Notice of Removal (Doc. 1) at ¶¶ 11-21.

4. Venue in this Court is proper under 28 U.S.C. § 1391.

**FACTS**

5.  Since approximately 2020, Defendant has owned and operated a "longwall mining operation in Waynesburg, Pennsylvania" (hereafter "the Cumberland Mine"). *See* https://ironsenergy.com/

6.  Defendant employs individuals who, during all time since October 30, 2020, have been paid an hourly wage to perform work at the Cumberland Mine (hereafter "Hourly Employees").

7.  Plaintiff was employed by Defendant as an Hourly Employee. Plaintiff actively worked at the Cumberland Mine on full-time basis for approximately ten months from approximately February 2022 until approximately December 2022.

8.  Hourly Employees typically worked 40 or more hours each workweek.

9.  Defendant, as a matter of policy, fails to pay Plaintiff and other Hourly Employees at the Cumberland Mine for all compensable hours as required by the PMWA.

10.  For example, at the beginning of the workday, Plaintiff and other Hourly Employees are required to arrive at the Cumberland Mine prior to the start of their paid shift. They then are required to enter the facility and walk to an internal locker room where they gather and don certain personal protective equipment ("PPE"). This PPE includes, for example, reflective uniforms, gloves, hardhats, cap lights, metatarsal boots, a belt for radios, and a self-contained self-rescuer ("SCSR"). They are also required to separately obtain batteries for their radios and cap lights. Hourly Employees are then required to walk from the locker room to a facial recognition attendance scanner located near the entrance of the elevator, log into Defendant's facial recognition scanner system, and board the elevator down the mine shaft to their assigned work location. Often Hourly Employees are required to wait in line to obtain their PPE, log into the

facial recognition attendance scanner, and/or board the elevator. The activities summarized in this paragraph can take up to twenty minutes to complete. Plaintiff and other Hourly Employees have not been compensated by Defendant for all time associated with these activities that they are required to perform on the premises of Defendant's Cumberland Mine.

11. At the end of the workday, Plaintiff and other Hourly Employees are required to exit the elevator to the shaft of the mine and, among other things, log out of the facial recognition attendance scanner system before walking back to the locker room and doffing and returning their PPE. The activities summarized in this paragraph can take anywhere between five and ten minutes to complete. Plaintiff and other Hourly Employees have not been compensated by Defendant for all time associated with these activities that they are required to perform on the premises of Defendant's Cumberland Mine.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and all Hourly Employees who worked at the Cumberland Mine during any full workweek since October 30, 2020.

13. This action may be properly maintained as a class action of Plaintiff's PMWA claim because, as alleged below, all of the class action requisites are satisfied.

14. The class includes hundreds of individuals and thus is so numerous that joinder of all individual members is impracticable. Members of the class are objectively ascertainable based on payroll data and business records maintained and controlled by Defendant.

15. Defendant's conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class. In particular, Plaintiff challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices. As such, the outcome of this lawsuit will be determined based on the application of common legal

principles to a common set of facts.

16. Plaintiff's claims and Defendant's defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiff's is a member of the class and his interest in pursuing his PMWA claim is aligned with the interests of the class as a whole and, if successful, his claim will benefit the class as a whole.

17. Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*:

 (a) Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class;

 (b) Plaintiff and Plaintiff's counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and

 (c) Plaintiff and Plaintiff's counsel have adequate financial resources to assure that the interests of the class will not be harmed.

18. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

 (a) Common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member;

 (b) A class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

 (c) All class members are easily identifiable through Defendant's records and computer files, and there are no foreseeable difficulties in the management of this action as a class action exist;

(d) The monetary damages sought on behalf of the class are readily calculated and attributable to class members;

(e) Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth;

(f) Because Defendant conducts business in Allegheny County, this Court is an appropriate forum for concentrating the litigation of the claims of the entire class;

(g) The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant. Adequate notice of this class action can be provided to class members by direct mail, email, and/or text message;

(h) Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to

independently pursue litigation against Defendant in order to vindicate their rights or possess an interest in individually controlling the prosecution of separate actions; and

(i) Plaintiff is unaware of any other litigation against Defendant concerning the claims he is pursuing in this case.

## COUNT I

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Defendant is an employer covered by the PMWA's mandates.

21. Plaintiff and other class members are employees entitled to the PMWA's protections.

22. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021). Time associated with the activities described om paragraphs 10-11 *supra* exemplify the types of compensable time covered by the PMWA.

23. The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

24. Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime wages for the unpaid time associated with the activities described at paragraphs 10-11 *supra*.

## JURY DEMAND

25. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A. Unpaid overtime wages to the fullest extent permitted under the law;

B. Prejudgment interest to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

October 29, 2024

Peter Winebrake (PA 80496)
R. Andrew Santillo (PA 93041)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
Fax: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

Timothy Conboy (PA 36495)
Conboy Law, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
Phone: (412) 343-9060
Fax: (412) 343-9062
tim@conboylaw.com

*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 29, 2024, the foregoing was served with the Clerk of Court using the CM/ECF system, which will send notification to all parties.

/s/ R. Andrew Santillo
R. Andrew Santillo