IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON GIBEL, <br><br>  Plaintiff, <br> v. <br><br> IRON CUMBERLAND, LLC (d/b/a "IRON SENERGY"), <br><br>  Defendant. | : <br> : <br> : No. 2:23-cv-02050-MPK <br> : <br> : Re: ECF No. 64 <br> : <br> : <br> : <br> : |

**ORDER**

**AND NOW**, this 11th day of September, 2025, upon consideration of Plaintiff's "Unopposed Motion for Final Approval of the Settlement" ("Motion") (Doc. 64), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 64-1), the accompanying Declaration of Dan Lhota (Doc. 64-2), the accompanying Declaration of Jeanie Eichert (Doc. 64-3), the accompanying Declaration of R. Andrew Santillo (Doc. 64-4), the accompanying Affidavit of Timothy Conboy (Doc. 64-5) the accompanying Memorandum of Law (Doc. 65), the representations and arguments of counsel during the September 11, 2025 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 780 individuals who: (i) are listed in Exhibit A to the Agreement; and (ii) have not excluded themselves from the settlement.[1] The Court finds that the settlement class satisfies Federal Rule

---

[1] During the notice process eight (8) class members (Ronald Cottrell, Thomas Ferguson, Brandon Lucy, Jeffrey Mihallik, William Reda, Brian Shepley, Mark Show, and Leslie Siebert) submitted requests to exclude themselves from the settlement, which reduces the class to 780 individuals. Under the terms of the settlement, these eight individuals' gross settlement shares (which total $1,928.26) shall be retained by Defendant, *see* Agreement (Doc. 64-1) at § 8, and will reduce the maximum gross settlement payment from $400,000.00 to $398,071.74.

of Civil Procedure ("Civil Rule") 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

    2.    The settlement requires Defendant Iron Cumberland, LLC ("Defendant") – who continues to vigorously contest any liability – to pay a total amount of $398,071.74 to be distributed as follows: (i) $293,071.74 will be paid to the 780 participating Class Members[2] in the gross pre-tax amounts described in Exhibit A to the Agreement; (ii) a $5,000.00 service award will be paid to Named Plaintiff Cameron Gibel ("Plaintiff"); and (iii) $100,000.00 will be paid to class counsel to cover attorney's fees and expenses. The Court finds the settlement fund to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement. This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the September 11, 2025 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) favor approval.

    3.    The Court **APPROVES** the payment of a $5,000.00 service award to Plaintiff.

    4.    The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as class counsel. The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

    5.    The Court **APPROVES** the payment of $100,000.00 to class counsel. As evidenced by the sworn statements of R. Andrew Santillo, and Timothy Conboy, $16,697.53 of

---

[2] *See* footnote 1 *supra*.

this amount will reimburse class counsel for litigation expenses. The remaining $83,302.47 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately 21% of the total $398,071.74 settlement fund – is less than Class Counsel's lodestar and falls below the 33.33% percentage of the fund fee awards regularly approved in wage and hour class/collective action settlements. *See Jordan v. Passavant Mem'l Homes*, 2022 U.S. Dist. LEXIS 70216, *4 (W.D. Pa. Apr. 13, 2022) (Horan, J.); *see also e.g.*, *Copley v. Evolution Well Services Operating, LLC*, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023); *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359 (W.D. Pa. Oct. 22, 2019). In addition, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *See Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

6.      This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE